IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

JEFFREY BRIAN WALLER,

        Petitioner,

v.                                                       Case No. 1:20-cv-00716

WARDEN,
FCI McDowell,

        Respondent.

**PROPOSED FINDINGS AND RECOMMENDATIONS**

        Pending before the Court is the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Jeffrey Brian Waller ("Waller"). (ECF No. 1). Respondent has filed a response to the petition requesting that it be dismissed. (ECF No. 13). This case is assigned to the Honorable David A. Faber, United States District Judge, and was referred to the undersigned United States Magistrate Judge by Standing Order for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be **DENIED**, that Respondent's request for dismissal be **GRANTED**, and that this action be **DISMISSED**, with prejudice, and removed from the docket of the Court.

**I.**     **Factual and Procedural History**

        Waller is a federal inmate housed at Federal Correctional Institution McDowell in Welch, West Virginia. A search of the Inmate Locator on the Federal Bureau of Prisons

website reflects that Waller's projected release date is September 16, 2024.

### A.  Proceedings in the Sentencing Court

#### i. Conviction and sentencing

On September 27, 2011, Waller was indicted in the Eastern District of Tennessee ("Sentencing Court") for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *USA v. Waller*, Case No. 4:11-cr-00028-TRM-CHS-1 (E.D. Tenn. Aug. 1, 2012) ("*Waller I*") at ECF No. 1. After entering into a plea agreement on April 11, 2012, Waller pled guilty to the offense. *Id*. at ECF Nos. 14, 15. In the plea agreement, he waived his right to file an appeal or attack his conviction or sentence in a § 2255 motion except on the basis of ineffective assistance of counsel. *Id*. at ECF No. 14 at 6–7. At his plea hearing, the Sentencing Court found that Waller was competent to plead guilty and his plea was voluntarily entered. *Id*. at ECF No. 15. He was adjudged guilty, and subsequently sentenced to 180 months imprisonment. *Id*. at ECF Nos. 17, 18, 19. He did not appeal. However, on November 13, 2012, Waller filed a motion in the Sentencing Court requesting new counsel and providing that he does not "wish to appeal the conviction of the case because I am guilty of having the gun," but expressing a desire to challenge his designation as an armed career criminal at sentencing. *Id*. at ECF No. 20.

#### ii. Section 2255 motion and motion for reduced sentence

On January 22, 2013, Waller filed a § 2255 motion in the Sentencing Court asserting that his counsel was ineffective because he did not file an appeal of Waller's conviction upon request. *Waller I* at ECF No. 21. After he was appointed counsel, Waller amended his motion to claim that new Supreme Court case law in *Johnson v. United States*, 135 S. Ct. 2251 (2015) should be applied retroactively, and he should be resentenced without the armed career criminal designation. *Id*. at ECF No. 70. On

2

September 1, 2016, the Sentencing Court denied and dismissed Waller's motion, holding that his sentencing designation was unaffected by the decision in *Johnson* because his prior offenses could still serve as predicate offenses to qualify him for enhanced sentencing. *Id.* at ECF Nos. 83, 84. Waller appealed this ruling to the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit"), which affirmed the Sentencing Court's judgment by order dated May 15, 2017. *Id.* at ECF Nos. 85, 86, 89.

On March 5, 2018, Waller filed a motion to reduce his sentence again on the basis that he should not have been classified as an armed career criminal. *Id.* at ECF No. 90. In a one-page order, the Sentencing Court denied Waller's motion for a sentence reduction, explaining that the Sixth Circuit has already ruled that he was properly classified as an armed career criminal. *Id.* at ECF No. 97. Waller did not appeal this ruling.

### B.   *Proceedings in this Court*

#### i. First § 2241 petition

On April 15, 2019, Waller filed a petition for a writ of habeas corpus pursuant to § 2241 in this Court. *Waller v. FCI McDowell Warden*, No. 1:19-cv-00278 (S.D.W. Va. filed Apr. 15, 2019) ("*Waller II*"). In that petition, he challenged his sentence as an armed career criminal on a similar basis as that asserted in his § 2255 motion in the Sentencing Court, but in subsequent briefing Waller raised an additional claim that he was statutorily innocent of § 922(g) because the government did not prove that Waller knew he was a felon prohibited from possessing a firearm. *Waller II* at ECF No. 21 at 2. The undersigned, in recommending that the petition be dismissed, also discussed the applicability of the *Rehaif v. United States*, 139 S. Ct. 2191 (2019) decision to the *Jones* test as it relates to Waller's conviction. *Id.* at ECF No. 28. As explained in the undersigned's PF&R in *Waller II*, the decision in *Rehaif* does not serve to invalidate his conviction under § 922(g) or

3

qualify him to seek relief in a § 2241 petition using under the § 2255(e) savings clause. *Id.* The presiding District Judge has not yet issued an order adopting or rejecting the PF&R.

### ii. Instant petition

On October 29, 2020, Waller filed the instant petition for a writ of habeas corpus pursuant to § 2241 along with an accompanying memorandum of law. (ECF Nos. 1, 2). He claims that his conviction under § 922(g) is invalid and asks that it be vacated and he be released from custody. (ECF No. 1 at 6, 8). Waller contends that a § 2241 petition is an appropriate vehicle for him to challenge his conviction in this matter because § 2255 is inadequate and ineffective for him to test the legality of his conviction. (ECF No. 2 at 2). According to Waller, he is entitled to seek relief under § 2241 following the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which held that the government is required to prove that criminal defendants prosecuted under § 922(g) and § 924(a)(2) have knowledge that they possess a firearm and that they have obtained the relevant status making possession illegal. (*Id.* at 3–4). Waller posits that this ruling allows him to seek relief under § 2241 pursuant to the savings clause of § 2255(e) using the test provided by the Fourth Circuit in *In re Jones*, 226 F.3d 328 (4th Cir. 2000). (*Id.* at 4–6). He maintains that the rule announced in *Rehaif* applies retroactively because it is a new substantive rule. (*Id.* at 6).

On May 14, 2021, Respondent responded to the Court's order directing him to answer Waller's petition showing cause why relief should not issue. (ECF No. 13). Therein, Respondent moves the Court to dismiss Waller's petition. (*Id.* at 1). Respondent notes that Waller has already filed a § 2241 petition in this Court asking for his conviction to be set aside in part based on *Rehaif*, and that the matter remains pending before the District Judge following the undersigned's issuance of proposed findings and recommendations.

(*Id.* at 2–3). Respondent argues that Waller cannot challenge his conviction in a § 2241 petition because such a challenge must be brought in a motion to vacate, set aside, or correct an illegal sentence pursuant to § 2255. (*Id.* at 4–5). Moreover, Respondent argues, Waller is procedurally barred from filing a § 2255 motion because such a motion would be untimely, he has already filed an unsuccessful petition in the Sentencing Court, and he has not obtained permission to file a second or successive motion as required by statute. (*Id.* at 5). Respondent reasons that Waller is not entitled to use the savings clause in § 2255(e) to bring his claim under § 2241 because his claim does not satisfy the Fourth Circuit's test under *Jones,* or *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018). (*Id.* at 6–11). Respondent also posits that *Rehaif* does not apply to Waller's case because he pled guilty to the § 922(g) offense and stipulated that he knew he had been previously convicted of a crime punishable by more than a year. (*Id.* at 11–12). Respondent asks the Court to dismiss Waller's petition or, alternatively, transfer it to the Sentencing Court or Sixth Circuit. (*Id.* at 12).

On June 14, 2021, Waller filed a so-called "Motion to Oppose the Government Request That the 2241 Is Denied/And Request That the 2241 Is Granted," a document which the undersigned construes as a reply to Respondent's response. (ECF No. 15). In his reply, Waller counters Respondent's assertion that his claim is more properly brought under § 2255, stating that he is challenging the execution of his sentence in the sense that Respondent is "executing his sentence beyond the statutory ten year maximum of his 922(g) conviction." (*Id.* at 2). Waller reiterates his view that the *Rehaif* decision constitutes a change in law that requires the government to prove an additional element to convict under § 922(g), and therefore his claim satisfies the second prong of the *Jones* test. (*Id.* at 2–3). He claims that the change in law renders his conduct lawful. (*Id.* at 3).

Relying on the case *Hann v. Bonita*, 931 F.3d 294 (4th Cir. 2019), Waller asserts that he is not required to show actual innocence to challenge his conviction. (*Id.* at 3–4). Waller advances that his stipulation in the plea agreement that he "knew he belonged to a certain class of people prohibited from possessing a firearm, runs contrary to principles of contract law" and the plea agreement and colloquy are both "silent on whether he stipulated status." (*Id.* at 4). He maintains that there is no evidence on the record proving he knew of his prohibited status. (*Id.*). He requests appointment of counsel in the event that further briefing is required. (*Id.*).

## II. Standard of Review

Respondent requests that Waller's § 2241 petition be dismissed or transferred to Waller's court of conviction. (ECF No. 13 at 12). Respondent does not articulate under which rule's authority he seeks dismissal but presumably this request is made pursuant to Federal Rule of Civil Procedure 12(c), as Respondent filed a Response concurrently with his motion to dismiss. *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). When deciding a motion for judgment on the pleadings under Rule 12(c), the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted);

*also Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (holding that the court "may also consider documents attached to the complaint … as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic."). In addition, the court may consider "matters of public record," including documents from prior or pending court proceeding when resolving the motion, without converting it into a motion for summary judgment. *Walker*, 589 F.3d at 139.

### III. Discussion

Waller argues that his conviction for possession of a firearm should be overturned in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In *Rehaif,* the Supreme Court considered whether under 18 U.S.C. § 922(g), which prohibits certain individuals from possessing firearms and ammunition, the government must prove that an individual knew both (1) that he engaged in the prohibited conduct of possessing a firearm, and (2) that he had obtained the relevant status which made his possession of the firearm illegal. *See* 139 S. Ct. 2191, at 2194. In contravention to this Circuit's prior precedent, *United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995), the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200.

As Respondent noted, Waller already raised a claim concerning the applicability of *Rehaif* to his conviction in a supplement to his first § 2241 petition in this Court. *See Waller II* at ECF No. 28. While the issue has not yet been resolved by order of the District Judge, the same conclusion—albeit with some modifications to account for recent case law—applies in this matter. Title 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a federal conviction. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997).

7

Although § 2241 provides a general grant of habeas corpus authority, the remedy under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. To the contrary, "[i]t is only when '§ 2255 proves inadequate or ineffective to test the legality of detention,' that a federal prisoner may pursue habeas relief under § 2241." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citation omitted); *see also In re Jones*, 226 F.3d at 333 (stating that in "a limited number of circumstances," § 2255 is inadequate to test the legality of the prisoner's detention, and accordingly, the prisoner may file a habeas petition under § 2241). The "savings clause," found at 28 U.S.C. § 2255(e), occasionally allows a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," *In re Vial*, 115 F.3d at 1194, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F. Supp. 2d 354, 357 (S.D.W. Va. 2001). Rather, in the context of a challenge to the validity of a conviction, the savings clause creates a narrow opening for a petitioner to file a § 2241 petition when his claim contains all three of the following characteristics: (1) at the time of his conviction, the settled law of the circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d at 333-34. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective by satisfying the *In re Jones* criteria.[1] *See Hood v. United States*, 13 F. App'x 72, 2001 WL 648636, at *1 (4th Cir. 2001);

---

[1] Because Waller is challenging the validity of his conviction, rather than the calculation of his sentence, the three-pronged test set forth in *In re Jones* applies rather than the four-pronged test found in *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018).

8

*McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. Feb. 20, 2014), *aff'd*, 573 F. App'x 268 (4th Cir. 2014).

In the instant action, Waller claims that his conviction should be set aside because the United States failed to prove an essential element of the charge against him—namely, that he knew of his status as a felon. (ECF No. 2 at 3–4). Consequently, his claim must be brought under 28 U.S.C. § 2255, unless he can show that the savings clause applies to his petition. Satisfaction of the savings clause requirements is jurisdictional, and if the provision does not apply, this Court has no authority to hear the petitioner's claim. *United States v. Wheeler*, 886 F.3d 415, 425 (4th Cir. 2018).

Looking at the three prongs of *In re Jones*, the undersigned **FINDS** that Waller satisfies the first and third prongs of the test, but simply cannot meet the second prong, which requires him to show that "the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal." *In re Jones*, 226 F.3d at 333–34. When evaluating a habeas petition under the savings clause, the court applies the substantive law of the circuit in which the petitioner was convicted, and the procedural law of the circuit in which the petitioner is incarcerated. *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019). As Waller was convicted in Tennessee and is housed in West Virginia, the substantive law of the Sixth Circuit and the procedural law of the Fourth Circuit will be used.

With respect to the first prong of *In re Jones*, at the time Waller was convicted, settled law of the Sixth Circuit established the legality of his conviction. *United States v. Grubbs*, 506 F.3d 434, 439 (6th Cir. 2007) ("The following three elements comprise the offense of being a felon in possession of a firearm: (1) the defendant had a previous felony conviction, (2) the defendant knowingly possessed the firearm specified in the

9

indictment, and (3) the firearm traveled in or affected interstate commerce."). As to the third prong, Waller does not satisfy the gatekeeping provisions of § 2255 because the rule announced in *Rehaif* is not one of constitutional law. *Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020) ("The rule stated in *Rehaif* is a matter of statutory interpretation, not a 'new rule of constitutional law.') (internal citations omitted).

To meet the second prong of *In re Jones*, however, Waller must establish three elements: (1) that *Rehaif* announced a new rule of substantive law; (2) that the change of law occurred after his appeal and first § 2255 motion; and (3) that the conduct of which he was convicted is now deemed not to be criminal. Waller cannot establish these elements because the Supreme Court's decision in *Rehaif* did not decriminalize the underlying conduct for which Waller was charged and convicted. In *In re Jones*, after the defendant had already filed one § 2255 motion, the Supreme Court decided a different case which held that Jones's conduct—mere possession of a firearm—did not constitute criminal "use" of a firearm in the statutory context. *In re Jones*, 226 F.3d at 334. Therefore, Jones's conduct was innocent. By contrast, the *Rehaif* Court looked solely at the elements necessary to prove the offense of possession of a firearm by a prohibited person, concluding that the United States had to prove four elements, including that the defendant knew he was a member of a class of individuals statutorily prohibited from possessing firearms. Notably, the Court did ***not*** hold that possession of a firearm by a felon was no longer criminal.

Waller has not identified, and the undersigned has not located, any decision from the Supreme Court or the Sixth Circuit holding that the possession of a firearm by a felon is not criminal. Moreover, several courts within this circuit that have addressed the second prong of *In re Jones* in cases involving petitioners sentenced in other circuits have

10

held that *Rehaif* did not fundamentally alter the criminal nature of the conduct for which Waller was convicted. *See, e.g.*, *James v. Adams,* Civil Action No. 5:20-cv-248, 2021 WL 5177452, at *2 (N.D.W. Va. Nov. 8, 2021) (holding that even though the Sixth Circuit has now found *Rehaif* to be retroactive on collateral review, the petitioner's conviction in the Eastern District of Michigan cannot be challenged under *Jones,* because being a felon in possession of a firearm is still a crime); *Swindle v. Hudgins*, No. 5:19-cv-300, 2020 WL 469660, at *2 (N.D. W. Va. Jan. 29, 2020) ("Here, the crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of *Jones*."); *Taylor v. Huggins*, No. 5:19-cv-291, 2019 WL 6481799, at *3 (N.D.W. Va. Nov. 5, 2019) (same), *adopted by* 2019 WL 6467823 (N.D.W. Va. Dec. 2, 2019); *Moss v. Dobbs*, No. 8:19-cv-02280, 2019 WL 7284989, at *9 (D.S.C. Sept. 23, 2019) (holding that a petitioner invoking *Rehaif* cannot satisfy the *Jones* test because no substantive change in law occurred), *adopted by* 2019 WL 5616884 (D.S.C. Oct. 31, 2019); *Rozier v. Breckon*, No. 7:19CV00545, 2020 WL 5790413, at *3 (W.D. Va. Sept. 28, 2020) (collecting cases).

Since Waller filed his § 2241 petition in October 2020, both the Sixth Circuit and the Supreme Court have addressed the impact of the *Rehaif* decision on cases like this one where the defendant was convicted of being a felon in possession of a firearm without proof that he knew he was a felon. *See Greer v. United States*, 141 S. Ct. 2090 (2021); *United States v. Grayer*, No. 20-5842, 2021 WL 3813198 (6th Cir. 2021). In these cases, the courts clarified that an error under *Rehaif* is not a structural error, but rather a "discrete defect in the criminal process," which does not automatically require reversal of the conviction. *See, e.g., Greer,* 141 S. Ct. at 2099-100. To the contrary, to succeed on an appellate claim under *Rehaif,* the defendant must show more than just a plain error; that being, that the Government failed to prove the defendant's knowledge of his felon status.

11

In addition to plain error, the defendant must also make an adequate showing that he would have presented evidence in the district court to establish that he did not know he was a felon, and that the *Rehaif* error affected his "substantial rights"—in other words, that there was a reasonable probability that the outcome of the district court proceeding would have been different if not for the *Rehaif* error. If the defendant satisfies these three elements, the appellate court may grant relief only if it concludes "that the error had a serious effect on 'the fairness, integrity or public reputation of judicial proceedings.'" *Greer,* 141 S. Ct. at 2093; *Grayer* at *3–*4.

These courts also noted that when a defendant has been convicted of a crime punishable by a sentence in excess of one year, evidence of such convictions is "strongly suggestive" of the knowledge-of-status element. *Grayer* at *4; *Greer,* 141 S. Ct. at 2097-97 (holding that a history of multiple felony convictions is substantial evidence that the defendant knew he was a felon). Furthermore "if a defendant was in fact a felon, it [would] be difficult for him to carry the burden on plain-error review of showing a 'reasonable probability' that, but for the *Rehaif* error, the outcome of the district court proceedings would have been different." *Greer*, 141 S. Ct. at 2097; *United States v. Raymore*, 965 F.3d 475, 486 (6th Cir. 2020). The Sentencing Court considered that Waller had four prior felony convictions, including two convictions for breaking and entering an occupied dwelling, one conviction for delivery and manufacture of marijuana, and one conviction for delivery and manufacture of cocaine. *Waller I* at ECF Nos. 60, 83. Consequently, had Waller been in a position to raise the *Rehaif* error on appeal or in a § 2255 motion, it is unlikely that his challenge would have been successful.

While these decisions do not directly address the criteria of *In re Jones,* they are offered to show that the possession of a firearm by a felon continues to be criminal

12

conduct under federal law. To make an additional point, the cases establish that the burden placed on a defendant raising a *Rehaif* challenge is heavy. Accordingly, the undersigned **FINDS** that the savings clause of § 2255 does not provide Waller with a remedy under § 2241.

Given that Waller's claims are not properly brought under § 2241, his petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). The Fourth Circuit has declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions;" instead, leaving district courts the discretion to determine whether the transfer of a § 2255 motion is "in the interest of justice." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). Here, Waller cannot meet the gatekeeping provisions of § 2255 because he cannot demonstrate a new rule of constitutional law. Therefore, the undersigned **FINDS** that the interest of justice would not be served in construing the petition as a motion under § 2255 and transferring it to the Sentencing Court. Instead, this action should be dismissed outright for failure to state a claim under § 2241.

### IV. Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Waller's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DENIED**; Respondent's request for dismissal, (ECF No. 13), be **GRANTED**; and this action be **DISMISSED,** with prejudice, and removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United

States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** November 23, 2021

Cheryl A. Eifert
United States Magistrate Judge